# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2059
Lower Tribunal No. 20-12085-CA-01
_____

**Kambiz Zadeh,**
Appellant,

vs.

**Aegis Security Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Isaac Law Firm, PLLC, and Jorge E. Isaac, for appellant.

Sprechman & Fisher, P.A., and Stacey S. Fisher, for appellee.

Before MILLER, LOBREE and BOKOR, JJ.

PER CURIAM.

Kambiz Zadeh, the defendant below, appeals the denial of his motion to vacate a default final judgment. The undisputed record reflects that service was not properly effectuated and that the judgment was void. We therefore reverse and remand for the judgment to be vacated and service quashed.

**BACKGROUND**

Aegis Security Insurance Company sued Zadeh and other defendants to enforce an indemnification agreement relating to a surety bond. After attempting to serve Zadeh three times at three different addresses, Aegis moved to perfect service via substituted service by the Florida Secretary of State per section 48.062, Florida Statutes (2021), claiming that Zadeh was avoiding service or could not be located. In support, Aegis proffered returns of non-service for the three attempted addresses, one of which was the address Zadeh concedes he was living at during that time. The return for that address reflected that the process server spoke with a housekeeper who indicated that Zadeh lived there but was away travelling with an unknown return date. The trial court granted leave for the substituted service, and after Zadeh failed to answer, ultimately entered a default final judgment.

Zadeh became aware of the judgment several years later and filed an unsworn, pro se "motion to reverse ruling," claiming that he was never served or involved in the underlying transaction and asking the court "what I need to

do to void or reverse this judgment." The trial court considered it as a motion to quash and denied the motion in an unelaborated order. Zadeh subsequently retained counsel and filed a motion for rehearing seeking relief from a void judgment as well as quashing service. In opposition, Aegis argued both that Zadeh was avoiding service at his known address and that the court lacked jurisdiction to entertain a successive motion for relief from judgment. The trial court agreed and denied the motion. Zadeh filed a timely notice of appeal of the original order denying the pro se motion as well as an amended notice of appeal including the order denying the subsequent motion.

## ANALYSIS

While we generally review a trial court's ruling on a rule 1.540(b) motion for abuse of discretion, the underlying determination of "[w]hether a final judgment is void presents a question of law that an appellate court reviews de novo." See Peaceful Paws Mem'l Servs. LLC v. Tarves, 368 So. 3d 503, 506–07 (Fla. 3d DCA 2023) (quoting Specialty Sols., Inc. v. Baxter Gypsum & Concrete, LLC, 325 So. 3d 192, 196 (Fla. 5th DCA 2021)). Where a judgment is void, the trial court has no discretion and must vacate that judgment. Id. at 506.

3

It is well established that "a complaint that was improperly served renders the default judgment void." Id. at 507; see also InClaim, LLC v. Structural Wrap, LLC, 413 So. 3d 251, 255 (Fla. 3d DCA 2025) (noting that because substituted service is an exception to the general requirement of personal service, strict compliance with substituted service statutes is required to protect due process). Here, the undisputed record reflects that Aegis did not satisfy the requirements for substituted service under section 48.161(1), Florida Statutes (2021), which requires the plaintiff to file an affidavit of compliance. Aegis concedes that it did not file an affidavit of compliance. This means that Zadeh was not properly served, rendering the resulting default judgment void. See Monaco v. Nealon, 810 So. 2d 1084, 1086 (Fla. 4th DCA 2002) ("Failure to timely file an affidavit of compliance alone warrants quashing of the substituted service.").

We briefly address the alternative argument that Zadeh's rule 1.540(b)(4) motion was successive to his first pro se motion and that alone warrants affirmance. "[P]rinciples of res judicata bar successive motions for relief from judgment [only] where the grounds for relief were repetitive of those asserted in the first motion, or which with due diligence could have been asserted in the first motion." Gen. Comput. Servs., Inc. v. AP SC River Oaks LLC, 130 So. 3d 722, 722 (Fla. 3d DCA 2013) (quotation omitted).

4

Here, Zadeh's first motion was unsworn, informal, and not identified as a motion for relief from judgment under rule 1.540. The trial court also did not indicate that it considered compliance with the requirements of the substitute service statute in denying the original motion. Indeed, the first motion contains no reference to the substitute service statute or rule 1.540 and the order denying the motion referenced it only as a motion to quash. On the record before us, the trial court had jurisdiction to consider the argument raised in the second motion. See State Dep't of Transp. v. Bailey, 603 So. 2d 1384, 1387 (Fla. 1st DCA 1992) (noting that successive rule 1.540 motions are res judicata only where the "jurisdictional question was actually litigated and decided" in the prior motion and finding successive motion not precluded where "the trial court's order denying the first Rule 1.540 motion [was] not sufficiently specific to indicate that the trial court ruled on the merits of the jurisdictional question").

For the foregoing reasons, we therefore reverse and remand, with directions to grant the second motion and vacate the final judgment against Zadeh and quash service of process.

Reversed and remanded with instructions.